## STATE v ROOT

Ohio Appeals, 1st Dist, Hamilton Co

No 5135. Decided Sept 30, 1936

Louis J. Schneider, Prosecuting Attorney, Cincinnati, Dudley M. Outcalt, Cincinnati, and Loyal S. Martin, Cincinnati, Assistant Prosecuting Attorneys, for appellee.

Leo A. Burke, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the court of common pleas of Hamilton county.

The conviction and sentence in this case were predicated upon §12,404-1, GC, the provisions of which are as follows:

"Whoever shall unlawfully and unintentionally kill another while engaged in the violation of any law of this state applying to the use or regulation of traffic on, over or across the roads or highways shall be guilty of manslaughter in the second degree and shall be fined not to exceed five hundred ($500.00) dollars or imprisoned in the county jail or workhouse not less than thirty days nor more than six months, or both, or imprisoned in the penitentiary not less than one year nor more than twenty years."

The indictment contained three counts severally alleging violation of laws appertaining to the operation of motor vehicles upon the roads and highways of this state.

The first count charged unlawful speed, the second driving without due regard to the safety and rights of pedestrians, and the third, driving while in a state of intoxication. The state withdrew the first count. The remaining counts thus required the state to prove that at the time the decedent met his death by reason of the operation of the motor vehicle driven by the appellant, that such vehicle was being operated upon a public road or highway of this State.

The record discloses that the appellant was returning to Longview Hospital, a state owned and operated institution, within the corporate limits of the City of Cincinnati, that the automobile driven by appellant, while in a state of intoxication, struck the deceased as he was walking up a driveway within the grounds of the institution.

A number of assignments of error are presented. The only one we consider effective as reciting error prejudicial to the appellant is that the court should have instructed a verdict, for the reason that the evidence showed no offense against the state of Ohio.

Unless the driveway involved in this case was a public road or highway, the laws regulating the operation of motor vehicles thereon were inapplicable and the provisions of §12,404-1, GC, would not furnish a basis for the conviction under the evidence submitted.

Sec 12603-1, GC, provides a penalty for anyone who operates a motor vehicle upon the public roads or highways without due regard for the safety and rights of pedestrians.

Sec 12,628-1, GC, (repeal effective October 1, 1936) provides a penalty for anyone driving a motor vehicle upon "any public highway or street," while intoxicated.

Neither of these statutes prohibits the conduct penalized. §12404-1, GC, applies, however to "violation" of laws applying to the regulation of traffic, not merely to acts prohibited by law.

The simple question presented is, therefore:—Is the driveway into Longview Hospital a public road or highway? The evidence shows that the driveway is open to the public at least to the extent of those having business with the institution. There would probably be no objection to the public using the driveway in motor vehicles, although merely prompted by a desire to inspect the buildings and grounds. It is obvious, however, that there must be a manifest difference between this driveway and any ordinary street or highway over which the public is permitted to travel without any restrictions except those necessarily imposed for the safety of fellow travellers.

The driveway is an appurtenance of the institution, directly connected therewith, and established and maintained solely for the convenience of those who in some manner seek to reach or leave the institution. It runs through state owned property, it is true, but this of itself cannot constitute it a public highway, simply because it may be used by the public. It is subject to almost unlimited regulation by those having charge of the institution and could be entirely closed to vehicular traffic, if those in charge of the institution saw fit to so ordain.

This driveway is not under the supervision or control of the director of highways.

Sec 23, GC, provides:

"A street, alley or road shall not be laid out or established through or over the lands belonging to a public institution of the state without the special permission of the general assembly."

We find no such permission to exist applicable to the driveway in question.

We have been directed to Schier v State of Ohio, 96 Oh St, 245. This case merely holds that a public road or highway includes a public street. If the driveway could be considered a city street for whose maintenance and condition the City of Cincinnati would be responsible it is clear that some action by the City must have occurred, assuming such responsibility, or the City must have exercised such control over the way as to amount to an assumption of responsibility.

There is no evidence of any such action or conduct.

Sec 1189, GC, specifically retains the responsibility of cities for state highways passing through such municipalities.

Sec 6949, GC, requires the consent of council before a county road can be constructed within or through a municipality.

Sec 1224, GC, in like manner requires the consent of municipalities to permit the state highway department to maintain repairs or construct portions of the state highway system within municipalities.

We have merely noted these various sections as indicating that the driveway in question cannot be considered either a municipal street or a portion of the state highway system.

Many other sections of the statutes referring to public roads and highways could be mentioned with a like result.

It is to us obvious for the purpose of this prosecution that the driveway was neither a street, public road or highway, but, on the contrary, was just what the ·evidence showed it to be, an appurtenance to a public institution, limited to the uses and purposes of such institution and in no sense a thoroughfare, open to public generally for unrestrained use as a highway or public road.

It must be borne in mind that statutes affecting the criminal responsibility of a citizen can not be extended in construction beyond the strict terms thereof. Only the direct and necessary implication of such statutes may be considered.

For these reasons, the judgment of the court of common pleas of Hamilton County must be reversed, and the appellant discharged.

MATTHEWS, J., concurs.